**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **GEORGE LISHMAN** and **VICKI LISHMAN**, <br> *Plaintiffs,* <br> vs. <br> **AIR & LIQUID SYSTEMS CORP., et al.,** <br> *Defendants.* | § <br> § CIVIL NO: 21-cv-01570-SJC <br> § <br> § <br> § <br> § JURY TRIAL DEMANDED <br> § <br> § <br> § |

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT'S SECOND
AMENDED NOTICE OF VIDEOCONFERFENCE/VIDEOTAPED DEPOSITION OF
DR. RICHARD KRADIN**

COME NOW Plaintiffs, George Lishman and Vicki Lishman, by and through their counsel of record, and file this their Objections and Responses to Defendant Warren Pumps, LLC's subpoena duces tecum and Second Amended Notice of Videoconference/Videotaped Deposition of Dr. Richard Kradin ("Defendant's Notice").

**I.  PRELIMINARY STATEMENT**

Defendant Warren Pumps, LLC accepted Plaintiffs' tender of Dr. Richard Kradin for a deposition on January 25, 2022, and noticed Dr. Kradin's deposition for that date. Along with Defendant's deposition notice of Dr. Kradin, Defendant Warren Pumps, LLC attached a list of documents for Dr. Richard Kradin to produce at the time of his deposition. *See* Second Amended Notice of Videoconference/Videotaped Deposition, attached and incorporated hereto as Exhibit A. While Dr. Kradin will produce the documents he was provided by Plaintiffs' counsel regarding this matter, as well as the documents he reviewed to formulate his opinions in this case, the rest of Defendant's document requests exceed the scope of the Federal Rules of Civil Procedure.

1

## II. GENERAL OBJECTIONS

1. Plaintiffs object to the Subpoena Duces Tecum on the grounds that the document requests, individually and generally, seek production of documents that are not within the possession, custody, or control of the Deponent.

2. Plaintiffs object to the document requests, individually and generally, because they are overbroad and not specified with reasonable particularity. Additionally, they seek irrelevant information and/or information that is not reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiffs object to the document requests, individually and generally, because the expenditure of resources needed to produce the requested information outweighs the relevance, if any, of the requests. As such, it would be unduly burdensome and oppressive to produce such information.

4. Plaintiffs object to the document requests, individually and generally, as they seek information protected by the attorney work product doctrine.

5. Plaintiffs object to the document requests, individually and generally, as they seek to impose obligations on Plaintiffs that are greater than those required by applicable law.

6. Defendants have access to a great majority of the information that is requested. Furthermore, the documents requested are as equally available to the Defendants as they are to Plaintiffs and/or Plaintiffs' experts. Requiring Plaintiffs and/or Plaintiffs' experts to comply with these requests and re-production of such documents would be unduly burdensome.

9. In an attempt to avoid unnecessary repetition, Plaintiffs hereby incorporate these general objections to the requests below. Plaintiffs reserve the right to further object to the document request as necessary.

### III. SPECIFIC OBJECTIONS TO DEFENDANT'S NOTICE AND SUBPOENA DUCES TECUM

**Request No. 1:**

A current resume or curriculum vitae.

**Response:**

Please see Dr. Kradin's curriculum vitae produced with Plaintiffs' Rule 26(a)(2) Disclosures.

**Request No. 2:**

Any and all records, correspondence, notes, files, opinions, and conclusions, and any documents that you relied upon in formulating your opinions and reaching your conclusions.

**Response:**

Plaintiffs object to this Request as overbroad, unduly burdensome, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs additionally object to this Request as Dr. Kradin is relying on the cumulative nature of his years of medical practice in addition to tangible materials he relies upon. Please see Dr. Kradin's reports and list of reliance materials produced with Plaintiffs' Rule 26(a)(2) Disclosures, as well as the case-specific materials reviewed by Dr. Kradin provided hereto.

**Request No. 3:**

Citations and copies of all publications which you may rely upon which relate in any way to the subject matter or facts of this lawsuit, or which relate to any opinions held by you pertaining to this lawsuit.

**Response:**

Plaintiffs object to this Request as overbroad, unduly burdensome, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence.

3

Plaintiffs also object to the extent this request is seeking documents that are publicly available. Plaintiffs additionally object to this Request as Dr. Kradin is relying on the cumulative nature of his years of medical practice in addition to tangible materials he relies upon. Please see Dr. Kradin's reports and list of reliance materials produced with Plaintiffs' Rule 26(a)(2) Disclosures.

**Request No. 4:**

Any and all published treatises, periodicals, or pamphlets which you, Plaintiff or Plaintiff's attorneys claim to be a reliable authority which may be used at the time of trial herein.

**Response:**

Plaintiffs object to this Request as overbroad, unduly burdensome, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to the extent this request is seeking documents that are publicly available. Plaintiffs additionally object to this Request as Dr. Kradin is relying on the cumulative nature of his years of medical practice in addition to tangible materials he relies upon. Further, Plaintiffs object to this Request as premature. Plaintiffs will produce any demonstrative aids and documents Dr. Kradin intends to rely on at trial in accordance with the case management order for this matter. While Dr. Kradin cannot anticipate every question that he may be asked at trial, please see Dr. Kradin's reports and list of reliance materials produced with Plaintiffs' Rule 26(a)(2) Disclosures.

**Request No. 5:**

Any and all documents and tangible things, including all tangible reports, compilations of data, and other material prepared by you in anticipation of your deposition testimony or for the trial herein.

**Response:**

Plaintiffs object to this Request as overbroad, unduly burdensome, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to the extent this request is seeking documents that are publicly available. Plaintiffs additionally object to this Request as Dr. Kradin is relying on the cumulative nature of his years of medical practice in addition to tangible materials he relies upon. Further, Plaintiffs object to this Request as premature. Plaintiffs will produce any demonstrative aids and documents Dr. Kradin intends to rely on at trial in accordance with the case management order for this matter. While Dr. Kradin cannot anticipate every question that he may be asked at trial, please see Dr. Kradin's reports and list of reliance materials produced with Plaintiffs' Rule 26(a)(2) Disclosures, as well as Dr. Kradin's photomicrographs provided hereto.

**Request No. 6:**

Any and all materials prepared by you, used for consultation purposes, or reviewed by you, either in whole or in part, in connection with your testimony or opinions in this case.

**Response:**

Plaintiffs object to this Request as overbroad, unduly burdensome, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to the extent this request is seeking documents that are publicly available. Plaintiffs additionally object to this Request as Dr. Kradin is relying on the cumulative nature of his years of medical practice in addition to tangible materials he relies upon. While Dr. Kradin cannot anticipate every question that he may be asked at trial, please see Dr. Kradin's reports and list of reliance materials produced with Plaintiffs' Rule 26(a)(2) Disclosures, as well as Dr.

Kradin's photomicrographs provided hereto and the case-specific materials reviewed by Dr. Kradin provided hereto.

**Request No. 7:**

Any and all letters or correspondence whatsoever between any attorney for Plaintiff and you.

**Response:**

Please see correspondence provided hereto.

**Request No. 8:**

Any and all letters or correspondence between you and any expert used for consultation whose work product has been reviewed, either in whole or in part, by you or any other expert who may be called as a witness.

**Response:**

Dr. Kradin does not possess any responsive documents to this Request.

**Request No. 9:**

A copy of your billing file pertaining to this case.

**Response:**

Please see billing records provided hereto.

**Request No. 10:**

Your complete file in connection with the investigation and evaluation of the issues involved in this lawsuit, including but not limited to:

    a.    Any and all documents, diagrams, drawings, photos, reports or tangible things furnished to you by anyone;

    b.    Any and all documents, diagrams, drawings, photos, or reports or tangible things obtained or created by you;

    c.    Any and all documents or writings of any kind you reviewed, referred to in your investigation, or relied upon in arriving at your opinions or conclusions concerning the issues involved in this lawsuit, including but not limited to all scientific and technical articles, publications, codes, standards, specifications and other literature;

    d.    All models, illustrations, photographs, or other exhibits or documents of any kind you intend or contemplate using to explain, illustrate or support your testimony at trial; and

    e.    All computer files, inputs, and outputs used and/or relied upon in this case.

**Response:**

Plaintiffs object to this Request as overbroad, unduly burdensome, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also object to the extent this request is seeking documents that are publicly available. Plaintiffs additionally object to this Request as Dr. Kradin is relying on the cumulative nature of his years of medical practice in addition to tangible materials he relies upon. Further, Plaintiffs object to this Request as premature. Plaintiffs will produce any demonstrative aids and documents Dr. Kradin intends to rely on at trial in accordance with the case management order for this matter. While Dr. Kradin cannot anticipate every question that he may be asked at trial, please see Dr. Kradin's reports and list of reliance materials produced with Plaintiffs' Rule 26(a)(2) Disclosures, as well as Dr. Kradin's photomicrographs and the case-specific materials reviewed by Dr. Kradin provided hereto.

**Request No. 11:**

A list by case name, venue and retaining attorney of any other cases in which the witness has testimony as an expert at trial or by deposition within the preceding four (4) years.

**Response:**

Please see Dr. Kradin's list of prior testimony produced with Plaintiffs' Rule 26(a)(2) Disclosures.

**Request No. 12:**

Any and all documents, diagrams, photographs, reports or tangible things relating to alleged other similar incidents.

**Response:**

To the extent this Request is understood, Plaintiffs object to this Request as overbroad, unduly burdensome, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence.

Dated: January 18, 2022                   Respectfully submitted,

                                              FLINT LAW FIRM, LLC

                                              By:    */s/ Dana C. Simon*
                                                        Dana C. Simon, (admitted pro hac vice)
                                                        Troyce G. Wolf, #6314523
                                                        3838 Oak Lawn Avenue, Suite 1000
                                                        Dallas, Texas 75219
                                                        (618) 288-4777: telephone
                                                        (618) 288-2864: facsimile
                                                        dsimon@flintlaw.com
                                                        twolf@flintlaw.com

                                                            -and-

>Klint Bruno, #6257742
>THE BRUNO FIRM
>205 N. Michigan Avenue, Suite 810
>Chicago, Illinois 60601
>(312) 321-6481: telephone
>kb@brunolawus.com
>
>ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2022, I electronically filed the foregoing document with the clerk of the court for Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

>*/s/ Dana C. Simon*