UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE LISHMAN and VICKI LISHMAN, | ) ) ) ) Case No. 21-cv-001570 ) ) Judge Sharon Johnson Coleman ) ) ) ) ) ) ) ) |
| Plaintiffs, | |
| v. | |
| AIR & LIQUID SYSTEMS CORPORATION, et al., | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

George Lishman and Vicki Lishman ("plaintiffs") filed their complaint against Alfa Laval Inc., ("defendant" or "Alfa Laval") in addition to other defendants, alleging that George Lishman developed mesothelioma resulting from exposure to the defendants' products. Before the Court is Alfa Laval's motion to dismiss plaintiffs' Fourth Amended Complaint [229] under Federal Rule of Civil Procedure 12(b)(2). For the following reasons, the Court grants Alfa Laval's motion.

**Background**

The following facts are taken from the Fourth Amended Complaint and accepted as true for the purpose of ruling on this motion. George Lishman ("George") is a life-long Illinois resident. Alfa Laval is a New Jersey corporation with its principal place of business in Virginia and serves as successor-in-interest to the Sharples Corporation ("Sharples"). In 2020, George discovered that he had developed mesothelioma, a form of cancer caused by asbestos, which he asserts he was exposed to through defendants' products On January 26, 2021, George filed an action on these grounds in Cook County, Illinois.

On March 22, 2021, defendant ViacomCBS, Inc. removed this action to federal court. Three months later, plaintiffs filed their Third Amended Complaint, which added facts about George's exposure to mesothelioma-causing asbestos specific to Alfa Laval. Specifically, the Third Amended Complaint alleged that Sharples, to which Alfa Laval serves as successor-in-interest, manufactured lube oil purifiers which exposed George to asbestos during his time in the Navy. Alfa Laval thereafter filed its answer to assert an affirmative defense that plaintiffs had not established facts sufficient to support the Court's exercise of personal jurisdiction over Alfa Laval.

Though it asserted that the Court lacked personal jurisdiction, Alfa Laval waited four months to file a motion to dismiss on those grounds. After Alfa Laval filed its answer and before it moved to dismiss the complaint, Alfa Laval participated in status hearings before the Court, participated in the filing of joint status reports, responded to plaintiffs' discovery request, served its Rule 26(a)(1) initial disclosures, and served amended and supplemental discovery responses and objections. Further, in October 2021, Alfa Laval initiated the scheduling of its Rule 30(b)(6) deposition, and in November 2021, it attended 30(b)(6) depositions of its co-defendants. Prior to plaintiffs' Third Amended Complaint, Alfa Laval also questioned George about his exposure to asbestos-containing products, but the parties agreed defendant did not waive objections through its participation. Other than this motion to dismiss, Alfa Laval did not seek any affirmative relief.

**Legal Standard**

A motion to dismiss under Rule 12(b)(2) tests whether a federal court has personal jurisdiction over a defendant. *Curry v. Revolution Labs., LLC,* 949 F.3d 385, 392 (7th Cir. 2020). Although the plaintiff bears the burden of establishing personal jurisdiction, when ruling on a Rule 12(b)(2) motion to dismiss based on the submission of written materials, a plaintiff need only make a prima facie showing of personal jurisdiction. *Id.*; *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). "In evaluating whether the prima facie standard has been satisfied, the plaintiff 'is

2

entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record.'" *Curry*, 949 F.3d at 393 (citation omitted). Also, when analyzing a Rule 12(b)(2) motion without conducting an evidentiary hearing, courts accept the well-pleaded, undisputed facts in the complaint as true. *Matlin*, 921 F.3d at 705.

**Discussion**

First, plaintiffs argue that Alfa Laval waived its defense to personal jurisdiction by failing to raise it at an earlier point in the litigation. The Court must first determine the question of waiver before proceeding to an analysis of the merits. *See, e.g., Mold-A-Rama Inc. v. Collector-Concierge-Int'l*, 451 F. Supp. 3d 881, 889 (N.D. Ill. 2020) (Wood, J.). "To waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Mobile Anesthesiologist Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010) (citing *Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt.*, 364 F.3d 884, 887-88 (7th Cir. 2004) (hereinafter *American Patriot*)).

A plaintiff may demonstrate this reasonable expectation through: (1) the defendant's untimeliness in asserting the affirmative defense of jurisdiction, and (2) defendant's involvement in the case. *See Mold-A-Rama Inc.,* 451 F. Supp. 3d at 887-88. The Seventh Circuit's holding in *American Patriot* illustrates these factors working in tandem. There, the court held that a nine-month lapse between the filing of the complaint and motion to dismiss did not constitute waiver where the defendant engaged only in settlement negotiations and responded to discovery requests. *American Patriot.*, 364 F.3d at 888; *cf. Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1295 (7th Cir. 1993) (finding waiver after defendants fully participated in the litigation on the merits for over two years).

Plaintiffs contend that Alfa Laval's untimeliness in filing its motion and involvement in the litigation both weigh in favor of its waiver personal jurisdiction. Alfa Laval responds that it did not

3

become aware of its personal jurisdiction defense until plaintiffs filed the Third Amended Complaint in June 2021. Alfa Laval contends it did not delay in asserting a personal jurisdiction defense in its answer. Thereafter, Alfa Laval contends that it was neither untimely in filing this motion nor did it actively participate in the litigation of the case's merits.

Alfa Laval's argument highlights the important distinction between general personal jurisdiction and specific personal jurisdiction, as discussed below. At no point did Alfa Laval believe, it asserts, that the Court could exercise general jurisdiction over it because Alfa Laval is not incorporated in Illinois nor does not have its principal place of business in Illinois. Plaintiffs do not contest this. Rather, plaintiffs' original complaint lacked sufficient detail to put Alfa Laval on notice that George's alleged exposure to its product occurred outside of Illinois. Through the pretrial litigation and plaintiffs' Third Amended Complaint, Alfa Laval learned that the alleged exposure occurred during George's time in the Navy outside Illinois and concerning products neither manufactured nor sold in Illinois. Twenty-one days thereafter, it asserted a personal jurisdiction defense in its answer. Alfa Laval's delay in asserting the defense is therefore excusable.

The Court additionally holds that Alfa Laval preserved its defense though it waited four months after its answer to file a motion to dismiss. Much like in *American Patriot*, Alfa Laval did not actively participate in the litigation during these four months, but rather engaged in preliminary pretrial litigation. Further, Alfa Laval did not test the waters, as the Court made no substantive rulings during the waiting period. *See Am. Patriot Ins. Agency, Inc.*, 363 F.3d at 889. For these reasons, Alfa Laval did not waive personal jurisdiction.

The Court next turns to the merits of the personal jurisdiction defense. As discussed, personal jurisdiction is either general or specific. *See Ford Motor Co. v. Montana Eight Judicial District Court*, 141 S. Ct. 1017, 1024, 209 L. Ed. 2d 225 (2021). There are three essential requirements to establish personal jurisdiction: (1) the defendant must have purposefully availed itself of the privilege

of conducting activities in the forum state; (2) the alleged injury must arise from or relate to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with the traditional notions of fair play and substantial justice. *See Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 878 (7th Cir. 2019). The analysis here focuses on the second prong—whether George's injury arose from or was related to Alfa Laval's (or more Sharples') forum-related activity.

Plaintiffs argues that Alfa Laval purposefully availed itself of the benefits of its activities in Illinois, and therefore George's injuries arise out of Alfa Laval's forum-related conduct. But plaintiffs fail to make the connection between Alfa Laval or Sharples' interaction with the forum and its relation to George's injuries. *Felland v. Clifton*, 682 f.3d 665, 676 (7th Cir. 2012) ("Even where a defendant's conduct is purposefully directed at the forum state, the plaintiff must also show that his injury 'arises out of' or 'relates to' the conduct that comprises the defendant's contacts."). It is clear that George was not exposed to the to the lube oil purifiers in Illinois. Plaintiffs contend that Sharples possessed manufacturing plants in Illinois, but the record shows that its Illinois manufacturing efforts were not for the product at issue here. The lube oil purifiers were only manufactured in Pennsylvania. (*See* Dkt. 263-1, at 54:7–55:2.) Further, plaintiffs argue that Sharples maintained a sales office in Oak Brook, Illinois, but do not show that the sales were for the type of product at issue. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 931, n. 6, 131 S. Ct. 2846 (2011) ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales.").

Plaintiffs point to *Ford Motor Co. v. Montana Eight Judicial District Court*, 141 S. Ct. 1017, 1024, 209 L. Ed. 2d 225 (2021), in support of their argument. This case, however, is factually distinct. There, the Court found personal jurisdiction in a products liability case over an automobile manufacturer though the specific cars at issue were not sold or manufactured in the forum state. The Court reasoned that the plaintiffs need not show a "strict causal relationship between

5

defendant's in-state activity and the litigation," but rather an "affiliation between the forum and the underlying controversy…" *Id.* at 1031. Because the accident occurred in the forum state where the company extensively marketed, sold, and supported repairs of the same model vehicle involved in the accident, the Court found personal jurisdiction. In contrast, the Court found no personal jurisdiction in another recent case where the offending product did not malfunction in the forum state and the plaintiffs did not suffer injuries from products in the forum. *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773, 1779–87, 198 L. E. 2d 395 (2017). Here, plaintiffs have failed to show an affiliation between Illinois and the underlying controversy. Therefore, this action is dismissed against Alfa Laval for lack of personal jurisdiction.

**Conclusion**

For the foregoing reasons, the Court grants defendant Alfa Laval's motion to dismiss [229].

IT IS SO ORDERED.

Date: 4/11/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

6